UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ike T. Rutledge, <br> *aka* Ike Terrell Rutledge, <br><br>              Plaintiff, <br><br> vs. <br><br> Officer A. Dipaolo, <br><br>              Defendant. | ) C/A No. 2:11-0249-DCN-TER <br> ) <br> ) <br> ) <br> )  REPORT AND <br> )  RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) |

The plaintiff, Ike T. Rutledge ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Charleston County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a police officer with the North Charleston Police Department as the sole defendant.[2] Plaintiff claims the Defendant charged Plaintiff with a higher level of offense, Driving Under Suspension (DUS) second, rather than DUS first, which resulted in more time in jail than Plaintiff should have received. Plaintiff seeks monetary damages for the additional days he spent in jail as well as mental/emotional stress, pain and suffering. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Review Standard**

Under established local procedure in this judicial district, a careful review has been made

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

of the *pro se* complaint pursuant to 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam)*. A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.

---

[3] Screening pursuant to § 1915A is subject to the same standard.

1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff alleges Defendant Dipaolo, an officer of the North Charleston Police Department, stopped him on a traffic stop and charged him for Driving Under Suspension (DUS) second, which imposes a sixty day sentence, when it should have been DUS first, which imposes a thirty day sentence. The plaintiff states that the Defendant followed him out of an apartment complex and conducted a traffic stop, at which Plaintiff admitted his license was suspended. Plaintiff claims the Defendant knew Plaintiff should have been charged with DUS first, a lesser charge, but charged DUS second anyway. Plaintiff claims the judge at his initial hearing, at which he requested a jury trial, acknowledged that the charge should be DUS first. Plaintiff alleges that he was found guilty of DUS second in his absence because a notice of the hearing was sent to an incorrect address.

## Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983.[4] With respect to actions filed pursuant to § 1983, such as the present one, alleging unconstitutional confinement in connection with state criminal charges, the U.S. Supreme Court states:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction

---

[4] The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

3

or sentence invalid, ... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1997). Plaintiff's complaint seeks monetary damages based on his conviction for DUS second and the resulting sentence. Judgment in favor of Plaintiff would imply the invalidity of his conviction for DUS second and the resulting sentence. *Heck* holds that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, a civil rights action seeking damages is not cognizable under § 1983. Plaintiff does not allege that his conviction has been invalidated, and therefore his § 1983 action is barred at this time by the holding in *Heck*.[5] The Supreme Court also held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489-90. The limitations period for a § 1983 action based on an unconstitutional conviction or sentence, as alleged by Plaintiff, will not begin to run until the cause of action accrues, i.e., until the conviction is set aside. Thus, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. 384 (2007). The complaint should be dismissed in this case because Plaintiff's § 1983 action based on his claim of unconstitutional conviction or sentence has not accrued; therefore, the complaint fails

---

[5] *Heck* does not apply in the context of claims for false arrest, *Wallace v. Kato*, 549 U.S. 384 (2007), which is not at issue in this case.

to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process.  28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the notice on the following page.**

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

March 29, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).